IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) NICKLAUS ROHDE,<br><br>Plaintiff,<br><br>v.<br><br>(1) THE STATE OF OKLAHOMA *ex rel.* THE BOARD OF REGENTS OF THE UNIVERSITY OF CENTRAL OKLAHOMA, a/k/a THE UNIVERSITY OF CENTRAL OKLAHOMA, an Oklahoma higher education institution,<br><br>Defendant. | Case No. CIV-20-1243-G |

## COMPLAINT

COMES NOW the Plaintiff Nicklaus Rohde ("Plaintiff" or "Rohde"), and by and through his counsel of record, SONNE LAW FIRM, PLC, respectfully files this Complaint setting forth his claims against Defendant as follows:

## THE PARTIES

1. Plaintiff, Nicklaus Rohde, is currently a resident of the State of Oklahoma and, at all relevant times, was an undergraduate student at UCO.

2. Defendant, THE STATE OF OKLAHOMA *ex rel.* THE BOARD OF REGENTS OF THE UNIVERSITY OF CENTRAL OKLAHOMA, a/k/a THE UNIVERSITY OF CENTRAL OKLAHOMA ("UCO", "Defendant", or "University"), is located in Edmond, Oklahoma County, Oklahoma. UCO contains a Design Department and Graphic Design major, which is located on UCO's Edmond, Oklahoma campus.

1

## VENUE AND JURISDICTION

3. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights), as there exist claims based upon 42 U.S.C. §§ 12101, *et seq.,* and 29 U.S.C. § 701, *et seq.*

4. Supplemental jurisdiction over any of Plaintiff's pendant state law claims are proper pursuant to 28 U.S.C. § 1367(a), as there exist claims arising out of the same transaction and occurrence as his federal claims.

5. Plaintiff filed a Tort Claim Notice with the State of Oklahoma on or about February 25, 2020. The Claim was deemed denied by the State via letter dated June 16, 2020. This Complaint is being filed within 180 days from the date of such denial.

6. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b) in that the claims arose in this district, and Defendant is located in this District.

## GENERAL ALLEGATIONS

7. At all relevant times, Rohde was a student at UCO. At all relevant times, Rohde was and is a qualified individual with a disability under the Americans with Disabilities Act and the Rehabilitation Act of 1973.

8. Rohde suffers from one or more of the following health conditions that qualifies him to be disabled under the meaning of federal law: ADHD, Asperger Syndrome, OCD, and a form of Tourette's. Rohde has been on medication for many years and was under an IEP throughout his entire academic career both in secondary school and in college.

9. Rohde transferred to UCO from Oklahoma State University to begin at UCO

in the fall semester of 2016. As part of that transfer both Rohde and his father, John Rohde, engaged in communications with UCO regarding Nick's disabilities and medical conditions. Both Nick and John Rohde were involved in providing medical documentation and records to UCO via UCO's Disability Support Services ("DSS") office.

10. On or about July 1, 2016, DSS issued an Accommodation Letter for and on behalf of Nick Rohde for an "instructor of record." The Accommodation Letter provided for 7 accommodations for Nick Rohde in pursuit of his academic studies, including copies of lectures and notes to be provided, extended time on exams/quizzes (50% more), audio recording class, and others. The Accommodation Letter specifically advises each professor to comply with these accommodations and states, "If you are unable to provide the below academic adjustments for the student, please visit with a DSS provider to discuss possible solutions."

11. Rohde was specifically intent on entering UCO's Graphic Design program for a degree and subsequent career in graphic design. UCO's Graphic Design Program provides a minimum of a 2.75 GPA to stay in the program. From the fall of 2017 until Spring of 2019, Rohde took classes as part of a pathway toward a Graphic Design degree from UCO. At all times, Rohde earned a GPA above and beyond 2.75. Rohde achieved Dean's Honor Roll in both the fall and spring of 2017.

12. During his time taking Graphic Design classes at UCO, Rohde received many As and Bs in coursework, with some outlier Cs. This success was achieved even though Rohde found many professors in the Graphic Design program were unwilling to implement University mandated disability accommodations. Professors refused to provide Rohde with

class notes, lecture slides, and refused to conform to University policy in regard to Rohde's disability. During his coursework in various graphic design classes, Rohde was informed that the accommodations outlined in his DSS Accommodations Letter would not really apply to the graphic design program at UCO. As an example, Professor Amanda Horton advised Nick that "here in graphic design, you are not going to be able to use this [referring to DSS letter]." Professor Horton also responded to a request for accommodation by stating, "I don't do that." Professor Horton refused to provide notes or slides to Nick from her class lectures despite the express provisions in the DSS letter. Horton further stated that accommodations do not help "for deadlines in graphic design" despite the request for additional time for tests as outlined in the DSS letter. Nick earned a "C" grade from Horton in the spring of 2019.

13. In a previous class from graphic design professor Horton in the fall of 2018, Horton had counted a completed "extra credit" assignment by Rohde as an actual grade. This action prevented Rohde from receiving an A in the class and instead he received a B. Rohde reached out via email with the mistake, but was advised by Horton that "this is the method which I have chosen."

14. In UCO's graphic design program, after completing a certain number of introductory graphic design classes, students are required to submit an application for Graphic Design II in order to continue toward a Graphic Design major and degree. In the spring of 2019, Rohde completed his application and portfolio of various graphic design projects for review and advancement in the Graphic Design program.

15. On or about April 26, 2019, Amy Johnson, Department Chair, signed an

Graphic Design Application II form rejecting Nick Rohde's advancement, which form states that "Permission Not Given" and "the work does not show enough evidence of strong design/illustration skills to warrant your success in the design industry." The scores given for Rohde's application were subjective, arbitrary, and devoid of any detailed analysis or explanation. Again, Rohde's grades at all times exceeded the objective GPA standard for the graphic design program. These scores are not an accurate reflection of Rohde's performance in the program and the criteria have no objective measurement of performance.

16. At the time of the rejection, Rohde was an excellent student, despite a lack of help with his disabilities within the Design Program. He made the Dean's Honor Roll multiple times and was invited to join the Sigma Alpha Pi National Society of Leadership and Success at UCO. By all previous objective measurements and accomplishments, Rohde was a student who showed outstanding promise and work ethic. However, Amy Johnson believed that Rohde was not good at ambiguity and would not succeed in the field of Graphic Design. Johnson conveyed the scores were reflective of a Department committee review of Rohde's performance and work. Rohde had already proved the Department committee wrong with his academic performance. Johnson even said that the decision was not about grades, the only objective standard in the program. Rohde was in compliance with the minimum grade requirements as outlined by the College of Fine Arts and Design. Rohde was on track to graduate and had met the objective requirements outlined for the Graphic Design major. The Department's decision was arbitrary, capricious, and discriminatory.

17. The form describes proficiencies that cannot be objectively measured with a number. Skills like 'critical thinking' or 'craft/presentation' are subjective and can only be

measured with first person experience. Yet despite having had no instruction time with Rohde, Johnson made a life-long determination that Rohde was somehow unable to ever work as a graphic designer. The scores given by the Department's committee and comments made by Johnson do not reflect at all Rohde's academic performance.

18. UCO made such decision of absolute rejection from the program despite the Application Form containing a middle ground decision entitled, "Permission Not Given at This Time," which would have allowed Rohde certain options to work on his portfolio, take summer classes, and engage in other efforts for another review. No such options or accommodations were offered to Rohde nor was there any accommodations presented to Rohde by UCO.

19. Johnson's explanation for the absolute rejection was that Rohde "was not good with ambiguity" and that Johnson did not feel Nick "would succeed in meeting future business clients' creative needs." Nick Rohde and his father John Rohde reached out to UCO after Johnson's decision to seek some sort of explanation as to the rejection and dismissal from the graphic design program.

20. On May 1, 2019, Nick and John Rohde met with Amy Johnson and Pam Platz from Student Services. There was no input from DSS or Student Services to advocate or request the accommodations owed to Nick Rohde under the law. Platz stated that it was in fact "very rare" to get the automatic dismissal score and not the "Permission Not Given at This Time" rating. No objective reasons were provided for the automatic dismissal from the graphic design program. Professor Johnson and Platz gave Rohde no options to adjust his performance to continue in the Graphic Design program. Platz even remarked that she

could not remember a time in which a student was outright rejected from continuing in the program. Johnson further indicated that there was really no appeal of the Department's decision to engage in and any attempt by Rohde to retake two years of classes to reapply would be a fruitless endeavor and even used an example of another student's trying such process and failing in such effort.

21. Such arbitrary and capricious acts essentially wasted numerous hours of study and tuition spent on classes toward a graphic designs degree path that were incurred by Rohde. Moreover, the stigma associated with dismissal from such program will be extremely harmful to any career interests for Nick Rohde in graphic design.

22. Although Rohde has continued to perform well in school at UCO following his untimely dismissal from the graphic design program, Rohde was devastated by the decision and his post-college career prospects have been severely diminished in the graphic design field, which has caused significant emotional distress and reoccurrence of other medical and emotional issues that Rohde has experienced in the past. In order to stay on track for graduation and avoid additional semesters the corresponding expense, Rohde was forced to major in General Studies.

23. As a result of such treatment and the dismissal of Rohde from the graphic design program, UCO has violated Title II of the ADA, the Rehabilitation Act, Rohde's express or implied contract with UCO via its policies and procedures, and the duties owed to Rohde under the law by at least the following: (i) refusing to provide the requested accommodations as outlined in the Disability Support Services Accommodation Letter dated July 1, 2016; (ii) failing to engage in the interactive process with Rohde in order to

identify and provide the necessary and reasonable accommodations to succeed in the University's Graphic Design Program, including at a minimum specific items to work on based on the middle score option on the Application Form; (iii) issuing a subjective rejection decision on an ad hoc and arbitrary basis for Rohde's Graphic Design II Application Form in order for Rohde to continue to work for and receive a degree in Graphic Design from the University; and (iv) despite having knowledge of Rohde's disabilities and requested accommodations, ignoring such facts and instructing that in the Graphic Design program those types of accommodations do not matter and otherwise failing to assist Rohde to be successful despite his disabilities.

24. All of these actions were targeted toward Rohde due to his disabilities under the law and his protected status and for the University's Graphic Design Program to dismiss Rohde's from its program rather than accommodate Rohde with respect to his disabilities as required by law.

25. The University was negligent and otherwise breached the express and implied provisions of the agreement between Nick Rohde and UCO with respect to coursework and payment for tuition and other benefits and services to be received by Nick Rohde. UCO also violated Nick Rohde's due process rights by terminating his major and career path and enrollment in the Graphic Design Program at the University without proper due process rights and based on an arbitrary and capricious rejection process and decision without proper justification and/or accommodations despite Nick Rohde's work and GPA meeting the stated objective requirements of such program. Such actions constitute a blatant violation and interference with Rohde's contractual, constitutional, and statutory rights under the law.

26. Rohde's dismissal from the Graphic Design School was for arbitrary, capricious, and discriminatory reasons and despite Rohde possessing all necessary knowledge, skills, and abilities required to graduate with a major in Graphic Design.

## FIRST CAUSE OF ACTION

*VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et seq., and SECTION 504 OF THE REHABILITATION ACT OF 1973,*
*29 U.S.C. § 701, et seq.*
(*DISABILITY DISCRIMINATION*)

27. Plaintiff incorporates by reference all of the allegations outlined in this Complaint.

28. Title II of the ADA provides, "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The RA provides, "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ...." 29 U.S.C. § 794(a). Because the language of these two provisions is substantially similar, claims under both acts are generally analyzed together.

29. UCO is subject to the mandate of the ADA and receives federal financial assistance, as defined by 29 U.S.C. § 794, including through receipt of federal student aid, and, as such, may not discriminate against a person because of his disabilities.

30. At all relevant times, Rohde was a "qualified individual with a disability."

Rohde suffered and continues to suffer from a chronic and serious health condition, which substantially limited a number of major life activities including learning, working, concentrating, and performing a number of activities as a result of his health and medical conditions outlined herein. These medical conditions affect Rohde's ability to function in his role as a student at UCO, but Rohde was otherwise able to perform the essential functions for participation in UCO's curriculum and graphic design program with or without accommodations.

31.     UCO discriminated against Rohde on the basis of his disability as outlined in this Complaint, including his rejection to the graphic design program, the failure to offer or provide reasonable accommodations, the failures to engage in the interactive process and/or failure to abide by accommodations in Rohde's Accommodation Letter with UCO.

32.     Each of these actions was targeted towards Rohde because of UCO's hostility towards his health condition and disabilities, requests for accommodations, and UCO's belief that he could not succeed as a graphic designer in his career and should leave the graphic design program without any opportunity to improve or accommodation because of his disability.

33.     UCO wrongly discriminated against Rohde in violation of his rights pursuant to the ADA and the RA, inflicting mental and emotional distress, and causing further damage to his health, well-being, academic and professional careers, because he is disabled.

34.     As a direct and proximate result of the unlawful discrimination against Rohde in violation of the ADA and the RA by UCO, Rohde has suffered and continues to suffer

damages academically, financially, and emotionally.

## SECOND CAUSE OF ACTION

### *CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983*
### *(DENIAL OF SUBSTANTIVE DUE PROCESS)*

35. Plaintiff incorporates by reference all of the allegations outlined in this Complaint.

36. All persons residing in the United States are afforded the right to substantive due process through the Fourteenth Amendment of the United States Constitution. The protections of the Substantive Due Process clause of the Fourteenth Amendment bar the government from taking arbitrary action that results in the deprivation of a person's interest without reasonable justification.

37. Students in Oklahoma public universities like UCO have a property interest in continued enrollment and students are therefore entitled to due process under the Constitution.

38. A Court may override a postsecondary public university official's academic decision where the school's actions were NOT based on a careful and deliberate exercise of professional academic judgment but rather departed from accepted academic norms as to demonstrate that they did not actually exercise professional judgment when stripping the student of the protected property interest.

39. UCO's arbitrary and capricious dismissal of Rohde from the graphic design program, failures to accommodate, and other actions outlined herein, including the denial

of continuing in the graphic design major based on the Department's arbitrary reasoning and failure to provide reasonable accommodations, was based on nonacademic and constitutionally impermissible reasons, including disability discrimination. *See e.g., Gossett v. Langston Univ.*, 245 F.3d 1172 (10th Cir. 2001).

40. Academic decisions based on discrimination, or the effects of discrimination, are by definition arbitrary and capricious.

41. UCO officials deviated from their own policies in refusing to allow Rohde to continue in the graphic design program and engaging in unlawful discrimination.

42. Johnson and the Department refused, without reason, to allow Rohde additional time per the design application form to meet any further subjective requirements, even if valid. UCO's arbitrary refusal to consider this option both as an accommodation and as a reasonable course of action considering Rohde's grades, Honor Roll status, and compliance with all objective criteria reflects a true failure to exercise professional judgment.

43. As a result of UCO's official policies, acts, omissions, and practices, Rohde was improperly dismissed or prevented from continuing in the graphic design program and was deprived of due process.

44. As a result of UCO's official policies, acts, omissions, and practices, Rohde has suffered irreparable harm because he was deprived of his contractual rights to be free from arbitrary, capricious decisions and discrimination perpetrated by state actors acting on behalf of the state. As a proximate result of the illegal, arbitrary and capricious acts of UCO, Rohde has suffered and continues to suffer damages academically, financially, and

emotionally.

45. UCO's actions and omissions proximately caused Rohde to suffer, and he will continue to suffer damages, including humiliation, severe emotional distress, loss of professional reputation, and permanent professional damage upon graduation.

46. The acts, conduct, and behavior of UCO and its officials have denied Rohde his substantive due process rights.

### THIRD CAUSE OF ACTION

#### *BREACH OF CONTRACT*

47. Plaintiff incorporates by reference all of the allegations outlined in this Complaint.

48. Courts in Oklahoma and the Tenth Circuit recognize a contractual relationship between students and universities. Rohde had a contract with UCO by virtue of his enrollment, some of the terms of which are found in part in the UCO student Handbook and other UCO policies, including for the Design Department and Graphic Design major in the College of Fine Arts at UCO.

49. Rohde fulfilled and complied with the mandates of the contractual materials governing his relationship with UCO.

50. UCO's policies clearly establish that grades, academic decisions, and acceptance into certain programs and majors are intended to reflect a student's actual performance, not arbitrary and non-academic determinations, and not be based on unlawful discrimination.

51. UCO has breached the express and implied contractual provisions outlined

via its own policies and practices in violation of Rohde's contractual rights as an enrolled student at UCO. As a direct and proximate result UCO's actions, Rohde was deprived of the benefits of his contract with UCO in pursuing a graphic design major and has suffered and continues to suffer irreparable harm, injury, and damages; including, but not limited to, monetary damages, time and resources, career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment, and loss of personal and professional reputation.

## **FOURTH CAUSE OF ACTION**

### *NEGLIGENCE*

52. Plaintiff incorporates by reference all of the allegations outlined in this Complaint.

53. UCO's policies clearly establish that grades, academic decisions, and acceptance into certain programs and majors are intended to reflect a student's actual performance, not arbitrary and non-academic determinations, and not be based on unlawful discrimination.

54. UCO officials, professors, Department Chairs, Department committees, and the Office of Disability Support Services all have legal duties to comply with such policies, including the importance of reasonable accommodations being followed in each and every department and not engaging in unlawful or arbitrary academic decisions and/or disability discrimination. By engaging in the actions outlined in this Complaint, UCO officials violated those duties as outlined in its own policies and practices in violation of Rohde's rights as an enrolled student at UCO.

55. As a direct and proximate result of these negligent acts, Rohde has suffered damages as outlined herein, including removing Rohde from a career path in pursuing a graphic design major and has suffered and continues to suffer irreparable harm, injury, and damages; including, but not limited to, monetary damages, time and resources, career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment, and loss of personal and professional reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Actual and compensatory damages, and any other remedy, in amounts to be proven at trial but in excess of $75,000.00;

B. For pre and post-judgment interest on such damages;

C. For costs and attorney's fees;

D. For such other relief as this Court deems equitable and appropriate or allowed by law.

Respectfully Submitted:

*s/Blake Sonne*
Blake Sonne, OBA #20341
SONNE LAW FIRM, PLC
P.O. Box 667
Norman, Oklahoma 73070
(405) 664-2919
(405) 701-5995 (fax)
bsonne21@yahoo.com
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**